UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGLAS TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHAWN BARTH, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-1736 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a putative civil rights action.  On August 16, 2023, plaintiff filed a notice of removal under 28 U.S.C. §§ 1441(a) and 1446 in which he seeks to remove the civil action he originally filed in the San Joaquin County Superior Court to this court.  ECF No. 1.

The removal statute provides that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  Section 1446, which outlines the procedure for removal, similarly specifies that removal may be accomplished by "[a] defendant or defendants."  28 U.S.C. § 1446(a).  The ability to remove a case from state court is therefore limited to defendants.

1

See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-05 (holding similar language in previous removal statute limited privilege of removal to defendants alone).  Plaintiff is therefore not entitled to remove this action from the state court, and it must be remanded back to the San Joaquin County Superior Court.  Moreover, even if plaintiff were entitled to remove this case, removal would not be proper because the complaint does not allege either diversity jurisdiction or federal question jurisdiction.

Although plaintiff's notice of removal asserts that he is attempting to bring claims under the Eighth, Eleventh, and Fourteenth Amendments and Americans with Disability Act, ECF No. 1 at 2, 5, the complaint itself does not contain any claims expressly based on federal rights, id. at 31-76.  Moreover, the two defendants are private individuals and there is no indication that either defendant was acting under color of state law such that a claim for the violation of plaintiff's constitutional rights under 42 U.S.C. § 1983 would be possible.  Section 1983 applies only to persons who are "acting under color of state law."  Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012).  "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).  Plaintiff also does not claim that diversity jurisdiction exists.  Nor could he, given the representation that all parties are citizens of California.  ECF No. 1 at 35-36; 28 U.S.C. § 1332(a)(1) (requiring the action be "between citizens of different States" for diversity jurisdiction to apply).

Because removal is not proper in this case, plaintiff's pending motions will be denied and it will be recommended that this case be remanded to the state court.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to alleviate housekeeping issues and to compel (ECF Nos. 3, 4) are DENIED.

2.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER HEREBY RECOMMENDED that:

1.  This matter be remanded to the San Joaquin County Superior Court; and

2. The Clerk of the Court be directed to mail a certified copy of the order of remand to the clerk of the San Joaquin County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE